**In re Anonymous No. 62 D.B. 87**

Disciplinary Board Docket no. 62 D.B. 87

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

TUMOLO, *Member,* January 19, 1989 — Pursuant to rule 208(d), Pa.R.D.E., the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## HISTORY OF PROCEEDINGS

On March 2, 1987, respondent pled nolo contendere to one count of recklessly endangering another person in violation of 18 Pa.C.S. §2705. Respondent was sentenced to 30 days non-reporting probation, a $2,000 fine, and 200 hours of community service. The probation and conditions were successfully completed.

By order of the Supreme Court of Pennsylvania dated September 3, 1987, respondent was suspended from the practice of law pursuant to Pa.R.D.E. 214.

A petition for discipline was then filed by the Office of Disciplinary Counsel on September 25, 1987. On or about October 12, 1987, an answer was filed by respondent through his counsel to the petition for discipline. Hearing Committee [ ] was then assigned to hear the evidence.

Due to the hearing schedule of both respondent's counsel and the members of the hearing committee, a hearing was not held until May 19, 1988. The

Office of Disciplinary Counsel presented its case by stipulation. Respondent presented character testimony as to his reputation. Respondent then testified.

A briefing schedule was then established. The notes of testimony were received on July 20, 1988. Petitioner requested and was granted an extension until August 18, 1988 to file the briefs in the captioned matter.

After reviewing the briefs, the hearing committee first decided an issue specifically reserved at the May 19, 1988 hearing. At that hearing, both sides offered to present evidence concerning the facts underlying respondent's conviction. The hearing committee reserved the issue at that time. After reviewing the briefs, the committee determined that since the petition for discipline was based solely on the conviction, no examination of the underlying facts was appropriate.[*]

## FINDINGS OF FACT

(1) Respondent is 40 years of age and was admitted to practice law on October 15, 1984 in the Commonwealth of Pennsylvania.

(2) Respondent received his undergraduate degree in anthropology from [ ] College in 1969. While performing his undergraduate training, respondent took a one and one-half year of absence to work in VISTA.

(3) Respondent, in 1970, received his master's degree in anthropology from the University of [ ]. Respondent has also taken course work toward his doctorate in anthropology.

---

[*] While the circumstances in this case do not merit an exhaustive review of the underlying facts, the board does not generally approve of simply placing the conviction into evidence without the facts leading to the conviction being reviewed.

(4) In 1972 and 1973, respondent lived in the Amazon jungle to study a group of Indians.

(5) Respondent taught anthropology at [   ] College from 1974 until 1978. During the same time period, respondent started an import-export company called [A] Gallery. The purpose was to allow native people in Latin America to sell items produced by them in the United States without having to share a portion of the profit with any middleman.

(6) Respondent received his legal training from [   ] Law School. He began his training in 1981 and graduated in 1984.

(7) Respondent was admitted to practice law in Pennsylvania on October 15, 1984. He was also admitted to practice law in the State of New Jersey. He has also been admitted to practice law in the U.S. District Court for the Eastern District of Pennsylvania.

(8) Respondent practiced law in [   ], Pa. from the date of his admission until his interim suspension by the Supreme Court of Pennsylvania pursuant to Pa.R.D.E. 214 of September 3, 1987.

(9) Prior to his suspension, respondent practiced as a sole practitioner with his last office address located at [   ]. Respondent's primary emphasis in his practice was adoption and real estate matters.

(10) Except for the present matter, respondent has no prior disciplinary record.

(11) Respondent had been active with committees in the [   ] Bar Association. Respondent served as a volunteer mediator in the landlord/tenant section of the [   ] Municipal Court.

(12) Respondent was also very active in community matters. Respondent was active in local politics at the ward and committee level. Respondent became active with the Neighborhood Development Center and the Neighborhood Housing Network in

[ ]. In 1986, respondent served on the Board of Directors of the [ ] Pan-American Association. This organization has the purpose of providing understanding between people in the United States and people in Latin America.

(13) When respondent was able to practice law, respondent performed a fair amount of pro bono work.

(14) Respondent, in 1986, assisted the District Attorney's Office of [ ] County in investigating a baby-selling scheme which he had uncovered.

(15) Respondent fully agreed to the stipulation entered by petitioner in the captioned matter.

(16) The stipulation provided as follows:

"(i) Respondent was born in 1948 and was admitted to practice law in the Commonwealth of Pennsylvania on October 15, 1984. His last office for the practice of law was located at [ ].

"(ii) On March 2, 1987 respondent entered a plea of nolo contendere to and was found guilty by the Honorable [B], Judge of the Municipal Court, [ ], of the offense of recklessly endangering another person in violation of 18 Pa.C.S. §2705. A true copy of the criminal transcript is attached hereto, made a part hereof and marked Exhibit P-1.

"(iii) On that date respondent was sentenced to 30 days' non-reporting probation, a fine of $2,000, $25 in costs, plus 200 hours of community service.

"(iv) On September 3, 1987, in accordance with rule 214, Pa.R.D.E., the Supreme Court of Pennsylvania entered an order immediately suspending respondent and referring to the Disciplinary Board the conviction of respondent in the Municipal Court of [ ] at M.C. no. [ ], for the institution of a formal proceeding before a hearing committee to determine the extent of final discipline to be imposed. A

true copy of said order is attached hereto, made a part hereof and marked Exhibit P-2.

"(v) Respondent admits that by reconnecting the gas service at [ ], on January 4, 1986, he knowingly endangered the lives and safety of other persons, in violation of 18 Pa.C.S. §2705.

"(vi) Respondent admits that the facts set forth in paragraphs 2, 3 and 5 herein constitute violations of Disciplinary Rules 1-102(A)(3) and 1-102(A)(6)."

(17) Respondent has successfully completed all the conditions of probation.

(18) Respondent has continued to provide community service in excess of the 200 hours, primarily in the area of housing with the Neighborhood Housing Network.

(19) Respondent fully complied with his interim suspension and properly notified his existing clients and filed the appropriate certificate of compliance with the Disciplinary Board of the Supreme Court of Pennsylvania.

(20) Since his suspension from the practice of law, respondent was allowed to reactivate his real estate agent license by the Pennsylvania Real Estate Commission. Respondent has made full disclosure to the Real Estate Commission of his conviction and suspension.

(21) Since respondent's suspension, his main source of income has been from acting as an intermediary in international adoption matters.

(22) Respondent testified he has not practiced law at any time since his suspension from the practice of law.

(23) Respondent established a business registered as International Families that has the purpose of assisting people secure children from overseas for private adoption.

(24) Respondent sought advice from the Honor-

able [C], Administrative Judge of the Court of Common Pleas, Family Division, as to what he could be as an intermediary. Judge [C] agreed respondent could continue to act as an adoption intermediary but could not appear in court unless he was represented by separate counsel.

(25) Pennsylvania statute allows a lay person to act as an intermediary in adoption matters (23 Pa.C.S. §2102).

(26) Respondent has acted as an adoption intermediary four times since his suspension from the practice of law.

(27) Respondent testified he did not provide legal advice in the role of adoption intermediary.

(28) Since his suspension, respondent has maintained his knowledge in the changes in the law. He regularly reads the Pennsylvania advance sheets. He has continued to subscribe to various legal publications.

(29) Respondent has read and became familiar with both the old and new Code of Professional Responsibility. If respondent is allowed to again practice law, he fully agrees to comply with all his ethical obligations.

(30) Attorney [D] testified respondent was presently acting as an adoption intermediary for him.

(31) Respondent testified to his great remorse and embarrassment over his misconduct and the fact that it was an aberration. The respondent assured the hearing committee he would never repeat the misconduct.

(32) Respondent failed to immediately report his conviction to the Disciplinary Board as required by rule 214(a), Pennsylvania Rules of Disciplinary Enforcement. Respondent testified that he had "bad advice" from his former counsel.

(33) Respondent failed to investigate personally

his responsibilities under the Rules of Disciplinary Enforcement as an attorney convicted of a crime.

## CONCLUSION

Respondent violated Disciplinary Rules 1-102(A) (3) and (6).

## DISCUSSION

This matter involves evaluating the nature of discipline for respondent who has stipulated to violating Disciplinary Rules 1-102(A)(3) and (6) by reconnecting gas pipes of his rental property, thereby endangering the lives and safety of others.

The record shows that respondent has satisfactorily complied with all the conditions of his probation and of his interim suspension. It has also been demonstrated that respondent has kept abreast of changes in the law during his suspension period.

Furthermore, he has expressed that his embarrassment and remorse at his aberrant misconduct. This is a case which warrants a short suspension. *In re Anonymous No. 46 D.B. 84,* 39 D.&C. 3d 234 (1986). It certainly does not warrant at this point in the procedural history of this matter imposing on respondent the necessity of applying for readmission.

The board concludes that a three-month suspension retroactive to September 3, 1987, the date of his interim suspension, is the appropriate discipline.

It should be noted that any suspension in excess of three months would require that respondent be subjected to the lengthy reinstatement procedure that is required by Pa.R.D.E. 218(a). Since respondent has already been under suspension for over a year, any period in excess of three months would make the discipline totally disproportionate to the

violations. Pa.R.D.E. 218(a) does not refer to interim suspension determined without a hearing, and as a consequence no application for readmission is required unless the adjudicated suspension exceeds three months. See *In re Anonymous No. 71 D.B. 84*, 35 D.&C. 3d 120 (1985), and *In re Anonymous No. 67 D.B. 86*, 48 D.&C. 3d 201 (1988).

## RECOMMENDATION

In light of the foregoing findings and discussion, the Disciplinary Board recommends that respondent, [   ], be suspended from the practice of law for a period of three months retroactive to September 3, 1987, the date of his interim suspension. Respondent should be directed to pay the costs of this proceeding.

Messrs. Keller and Eckell did not participate in this adjudication.

## ORDER

And now, February 10, 1989, upon consideration of the report and recommendations of the Disciplinary Board dated January 19, 1989, and respondent's petition, it is hereby ordered that [respondent] be and he is suspended from the bar of this commonwealth for a period of three months, retroactive to September 3, 1987, and he shall comply with all the provisions of rule 217, Pa.R.D.E. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to rule 208(g), Pa.R.D.E.

## ORDER

And now, this February 23, 1989, on certification by the Disciplinary Board that respondent, [   ], who was suspended by order of this court dated Febru-

ary 10, 1989, for a period of three months, retroactive to September 3, 1987, has filed a verified statement showing compliance with all the terms and conditions of the order of suspension and rule 217, Pa.R.D.E., and there being no outstanding order of suspension or disbarment, [   ] is hereby reinstated to active status, effective immediately.